## HENDERSON et al. v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. May 8, 1894.)

### No. 211.

TESTAMENTARY POWERS—EXECUTION—DEED OF TRUST.

A married woman's will gave all her property to her husband, "during his natural life, to be by him managed and disposed of in whatever way may to him seem just and right;" and directed that all remaining at his death undisposed of by him should be divided among their children. Land which had belonged to their community estate was conveyed by him, after he had married again, his second wife joining, by a deed of trust to secure payment of money advanced to him, making no reference to the will, but particularly describing the land with habendum to the trustee, his successor or substitute, forever, and covenant of warranty. *Held,* that the trust deed was a sufficient execution of the power declared in the will, and passed the entire title, and not alone the husband's estate in the land.

In Error to the Circuit Court of the United States for the Western District of Texas.

This was an action of trespass to try title to land, brought by Francis Smith against James W. Henderson and others. On trial by the court without a jury, judgment was rendered for plaintiff. Defendants brought error.

Sam Streetman and T. S. Henderson, for plaintiffs in error.

H. P. Drought, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. This is an action of trespass to try title, the form of real action in Texas. The land had belonged to the community estate of James W. Henderson and his wife, Mary E. Henderson. She died testate in 1880. Her will was duly probated. It provided:

"(2) After relieving all our property of every incumbrance which may be upon it at my death, I will and bequeath to my beloved husband, J. W. Henderson, all my effects, of any nature and description, both real, personal, or mixed, during his natural life, to be by him managed and disposed of in whatever way may to him seem just and right, having full faith and confidence that he will guard well the interest of our darling children in all his dealings. (3) At the death of my said husband, I desire that all effects then remaining undisposed of by my said husband shall be divided equally among our children, share and share alike, taking into account any advances that may have been made them during the life of my said husband."

Mary E. Henderson left surviving her eight children, the fruit of her marriage with James W. Henderson. He married a second wife. In 1890, he, joined by his second wife, conveyed the land in controversy to a trustee, to secure the payment of a large sum of money advanced Henderson by the firm of which the defendant in error was a partner. The deed of trust makes no reference to the will of Mary E. Henderson. It particularly describes the land, it provides for a substitute trustee, and in its habendum clause uses this language: "To have and to hold the above-described premises and appurtenances, rents, profits, and income, improvements and machinery unto the said party of the second part, and his successor or substitute, forever." It contains a covenant that the grantor will warrant and forever defend the title to the same unto the said party of the second part, and his successor, against the lawful claims of all persons. Default was made in the payment of the money, and the substitute trustee, in accordance with the terms of the trust deed, conveyed the land to the defendant in error. He brought this action against James W. Henderson and the descendants of Mary E. Henderson. The pleadings are formal. The contention of the plaintiff below, the defendant in error, is that the absolute fee-simple title to the lands passed by this conveyance through the trustee. The contention of the plaintiffs in error is that Mary E. Henderson vested in her husband only a life estate in her half of their community property; that, having in his own right a one-half interest in the land, and under the will a life estate in the other half, his deed must be construed to pass only these interests of his in the land, as it makes no reference to the power, and can have substantial effect without reference to it. The parties waived a jury, and the trial judge gave judgment for the defendant in error. The following are assigned as errors:

"(1) The trial court erred in its first conclusion of law in finding that the will of Mary E. Henderson, deceased, passed the fee-simple title to the property in controversy to her husband, the defendant J. W. Henderson, because same conveyed only a life estate to said James W. Henderson during his

natural life, and he took no greater estate under said will. (2) The trial court erred in its second conclusion of law in holding that the deed of trust executed by said defendant J. W. Henderson, to H. P. Drought, trustee, passed all of the title to the property in said James W. Henderson, including both his community interest and his deceased wife's community interest, as embraced in said will, because said deed of trust could and did only convey the legal estate which said James W. Henderson had in said land, which estate only consisted of his half of said community property, and his life estate in his deceased wife's half of said community property, devised to him in her will, and did not convey absolutely in fee simple his said deceased wife's half of said community property."

If we rightly understand the plaintiffs in error, they do not contend that Mary E. Henderson's will did not give her husband power to alienate all of her half of their community property. Their contention is that, owning an interest in the property sufficient to give effect to his deed, and making in his deed no reference to the will, the deed must be construed to pass only his own estate in the land. It is manifest that, unless both of the assignments of error above recited are well taken, the judgment of the circuit court must be affirmed. If the will passed the fee-simple title to the property in controversy to J. W. Henderson, it is immaterial to inquire further. If, on the other hand, his deed must be held sufficient to show a disposition under the conceded power, it is wholly immaterial what·estate the surviving husband took. under the will, in the testatrix's half of their community property. Touching this question of the execution of a given power, it is to be observed that:

"The power may be executed without reciting it, provided the act shows that the donee had in view the subject of the power. * * * The general rule of construction, both as to deeds and wills, is, if there be an interest and a power existing together in the same person, over the same subject-matter, and an act be done without a particular reference to the power, it will be applied to the interest, and not to the power. * * * In construing the instrument in cases where the party has a power, and also an interest, the intention is the great object of inquiry. And the instrument is construed to be either an appointment or a release; that is, either an appointment of a use in execution of a power, or a conveyance of the interest. as will best effect the predominant intention of the party. It may, indeed, operate as an appointment, and also as a conveyance, if it be so intended. though the usual practice is to keep these two purposes clearly distinct." 4 Kent, Comm. 333–335.

In Hough v. Hill, 47 Tex. 148, James S. Steele had executed two powers of attorney to convey land. The first, dated October 4, 1838, named Alexander H. Livermore as the donee, and the second, dated February 25, 1839, named Amos H. Livermore as the donee of the power. In construing the deed offered in evidence, the supreme court of Texas say:

"Notwithstanding the fact that the deed to Bailey purports to have been made by virtue of the first power of attorney, and is silent as to any other power, we think that if A. H. Livermore, who, as attorney in fact for James S. Steele, executed that deed, was in reality, by virtue of the second power of attorney, empowered to do so, the deed would be valid."

In Weir v. Smith, 62 Tex. 1, the power relied on was declared by will, and the execution of the power, as claimed by the parties, was by the will of the donee. The latter will did not refer

to the first will, but the property named in certain clauses of the will of the donee was shown to have belonged to the first testator, and there was nothing to raise a presumption that the testatrix in the second will had or claimed any other interest in the property that as donee of the power.   Those clauses were upheld as an execution of the power.   It was held that, in certain other clauses of her will, she disposed of lands and personal property, to which she asserted title in herself, in a manner inconsistent with any intention, through these last clauses, to, execute the power given her by the will of her husband.   The court say:

"If she had named, in these clauses, property embraced. in the will of her husband, then the question would arise whether her disposing of the property as her own would rebut the presumption of her intention to execute the power given by her husband.   No such case, however, is presented."

In the case just cited, the court quotes from 4 Kent, Comm. 335, and say the rule as there stated is well sutained, citing authorities.   While Mary E. Henderson survived, her husband had exclusive control of their community property, and could dispose of it in whatever way to him might seem just and right.   She had understood this, and had full confidence in him.   Her children were his children.   There were a goodly number of them. It was evidently in the interest of the family, as such, and of these children, that she undertook by her will to provide for the continuation of this control and power of disposition in the event of her death.   It appears that at the date of the execution of her will their property was incumbered.   It may have been incumbered at the time of her death.   However this may be, she declared:

"I will and bequeath to my beloved husband, J. W. Henderson, all my effects, of any nature and description, both real, personal, or mixed, during his natural life, to be by him managed and disposed of in whatever way may to him seem just and right, having full faith and confidence that he will guard well the interest of our darling children in all his dealings."

There is nothing in this record to show that he has not continued to deserve that confidence.   He procured advances of money amounting to a large sum.   To secure the payment of this money, he executed the deed of trust through which such title as he conveyed passed to the defendant in error.   The land is carefully described.   It, and all its appurtenances, rents, profits, income, improvements, and machinery are conveyed to his grantee, with covenant to warrant and forever defend the title to the same unto the grantee against the lawful claims of all persons.   To meet certain provisions in the Texas law relating to estates of deceased persons, in the event of his death, his wife joins in executing this deed.   The transaction is in no manner different from what it would have been had his first wife been still living.   She would have joined in the trust deed, and only for the same purpose,— to meet the contingency of his death occurring before the trust was fully executed.   Can it be doubted that it was the intention of James W. Henderson, in making this trust deed, to pass thereby all the estate in the land described which he, in any right, or under any power, was authorized to convey?   Could such inten-

tion be more conclusively shown than it therein appears? We conclude that his conveyance to the defendant in error, through the trustee, must be held to be an execution of the power declared in the will of Mary E. Henderson, and the judgment of the circuit court is therefore affirmed.