MAGGIE D. ROGERS ET AL. v. JOHN T. JONES.

Delivered April 29, 1896.

1. **Construction of Deed of Independent Executrix with Life Estate in Herself.**

A testator devised to his wife a one-third interest for life in his real property, with remainder to his children, and made her independent executrix of his estate. In a sale of a part of the real property, the deed was signed by the widow individually, and by two adult children, but in the body of the deed she was described as "relict of R. and executrix of the estate of the said R." The grantee paid full value. Held, that the deed conveyed all title vested in her either as devisee or executrix.

2. **Construction of Will—Power to Sell not Inconsistent with Other Clauses.**

See the opinion for a will containing a clause (article XI), giving to the executrix an independent and discretionary power to make sales of land, held not to be inconsistent with other portions of the will.

3. **Same—Power to Sell—Application of Purchase Money.**

A will directed the executrix to keep the estate together and manage the same until an appointed time for distribution, and authorized her to sell property of the estate at her discretion, and distribute the proceeds in accordance with the terms of the will. Held, that a purchaser at such sale is not required to see that the purchase money is appropriated to the ultimate purpose of the will.

4. **Same—Same—Promissory Notes in Lieu of Purchase Money.**

Where an executrix had power to dispose of any of the property of the estate at any time, but could not make distribution of the proceeds until a certain event, which had not happened at the time of a sale made, she was authorized to take notes in payment for the property sold.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Chas. I. Evans*, for appellants.

*Harris & Knight*, for appellee.

JAMES, CHIEF JUSTICE.—Action of trespass to try the title to 200 acres of land. The following is what we conclude from the evidence as material to the issues raised:

R. G. Rogers owned this land and other property, and died in November, 1893, leaving a will, as follows: ·

"The State of Texas, ⎱
  "County of Dallas. ⎰    In the name of God, Amen.

"I, Robert Griffin Rogers, of the County of Dallas, State of Texas, being of sound mind and disposing mind, make this my last will and testament.

"I.   I give and devise unto my beloved wife, Margaret Barzilla Rogers, an estate for her life in one-third of all my lands, tenements, and hereditaments, with remainder to my children, Mary Griffin Rogers, Nannie Erwin Rogers, Maggie Davidson Rogers, Robert Tilden Rogers, and Kate Keller Rogers, and their descendants, except 100 acres this day deeded by me to my daughter Willie Catherine Robinson and her husband, Jefferson Davis Robertson.

"II.   I give and bequeath unto my said wife, Margaret Barzilla Rogers, one thousand and forty-one dollars, to be paid out of my estate, real or personal, on condition, however, that my said wife shall release all her right, title and interest in and to any and all real property belonging to or in which she may claim any community interest; this bequest of one thousand and forty-one dollars being in lieu of such community interest, if any, of my said wife.

"III.   I give and bequeath unto my said wife, Margaret Barzilla Rogers, one-half of all personal property belonging to the community estate of my said wife and myself, the same being the interest the law would give her independent of this will.

"IV.   I give and bequeath unto my children, Willie Catherine Robinson, Mary Griffin Rogers, Nannie Erwin Rogers, Maggie Davidson Rogers, Robert Tilden Rogers, and Kate Keller Rogers, all my personal property, to be equally divided among them, share and share alike, after their mother's portion hereinbefore bequeathed shall have been taken from said personal property.

"V.   I give and devise to my children, Mary Griffin Rogers, Nannie Irwin Rogers, Maggie Davidson Rogers, Robert Tilden Rogers, and Kate Keller Rogers, all my lands, tenements and hereditaments, to be equally divided among them, share and share alike, except 100 acres this day deeded by me to my daughter Willie Catherine Robinson and her husband, Jefferson Davis Robinson; this section of my will to be governed by section one as to my said wife's one-third interest for her life.

"VI.   The said property herein devised and bequeathed consists of about 620 acres of land upon which I now live, and of personal property consisting of about $1371.98 now on deposit in the Exchange Bank in the City of Dallas, Texas, about $2000 in notes secured by mortgage in said bank, about three or four thousand dollars loaned on security by Jones & Kendall of Waco in McLennan County, Texas, and cattle,

mules, horses, farming implements and all other personal property what-
soever owned or possessed by me.

"VII. I give and bequeath all my real and personal estate not
otherwise effectually disposed of in this my last will and testament unto.
my said wife, in trust for the maintenance of herself and for the edu-
cation and maintenance of my children.

"VIII. I desire and so will that my entire estate, real, personal and
mixed, shall be kept together and managed by my executrix hereinafter
appointed until my youngest child shall become 21 years old or shall
marry, or until any one of said children, being 21 years of age or marry,
shall desire his or (her) part to be set apart and partitioned to him or
her, the portions of those children under 21 years of age or unmarried
to be kept together as aforesaid.

"IX. I make and appoint my said wife, Margaret Barzilla Rogers,
executrix of this my last will and testament, with power to appoint her
successor in writing.

"X. My said executrix shall have power to partition, distribute and
make title to my entire estate (in accordance with the requirements of
this will) unto the devisees and legatees herein, in such manner as she
may deem necessary and proper, without the necessity of a resort to the
County Court or to any other court for that purpose.

"XI. I give unto my said executrix full and complete power to sell
and dispose of and make title to my said estate, real and personal and
mixed, in case she may deem such sale necessary and proper, and to di-
vide and distribute the proceeds thereof in accordance with this will,
without any authority therefor from the County Court or Judge.

"XII. I wish and do will that no other action shall be had in the
County Court in relation to the settlement of my estate than probating
and recording this will and the return of an inventory, appraisement
and list of claims of my state.

"XIII. I appoint my said wife the guardian of both the estate and
persons of my minor children, but guardian of their estate only so long
as she may remain unmarried.

"XIV. I desire that my children shall be brought up and properly
trained in morals and educated in a manner suitable to their condition
and fortune in life.

"XV. I give unto my said executrix all power which shall be necces-
sary and proper for carrying into execution the foregoing will and
testament.

"XVI. No security shall be required of my said executrix, but it is
my will that letters testamentary shall be issued to my said executrix
without any bond being required, unless she shall marry, in which case
bond with security shall be required as the law directs.

"Witness my hand this the 31st day of October, in the year of our
Lord one thousand eight hundred and eighty three.

     [Signed]                  "R. G. ROGERS."

"Signed by the testator in presence of us, the undersigned wit-

nesses, and we attest the foregoing will and testament at the request of the testator by subscribing our names thereto in the presence of the testator and in the presence of each other.

"M. L. DYE,
"J. J. JACKSON,
"J. E. MOORE."

He left his widow, Margaret B. Rogers, and the children named in the will, one of whom, Nannie E. Rogers, died intestate while a minor, in January, 1890.

In April, 1887, appellee bought the 200 acres in question for $4400, its value at the time, giving four notes of equal amount as purchase money. The deed, a general warranty deed with vendor's lien, made to him, was signed by the widow and two daughters that were then of age, the widow signing her name thereto, and also acknowledging the same individually. In the deed, where she is named as one of the grantors, she appears thus: "Margaret B. Rogers, relict of R. G. Rogers and executrix of the estate of the said R. G. Rogers, R. C. Ricks and M. G. Ricks, his wife, and J. D. Robinson and M. C. Robinson, his wife." The deed discloses that the notes were drawn payable to Margaret B. Rogers, and makes no other reference to the will.

The notes were paid as they became due, the last two to a mortgage company to which they had been transferred by Mrs. Rogers. The proceeds of the notes were dissipated by Mrs. Rogers in a mercantile venture. The purchaser had no knowledge when he bought that she would make such disposition of the notes, or any disposition contrary to the interests of the children. He testified that he had the two daughters sign simply because they were of age and convenient, and as a precaution, the others being minors.

*Conclusions of Law.*—1. Appellants insist that the deed to appellee must be construed as operating to convey only the interest of Mrs. Rogers in the land, she having a life estate in one-third thereof. The rule sought to be applied is that stated in 4 Kent's Commentary, p. 335, viz., that where there is an interest and a power combined in the same person over the subject, and an act be done without particular reference to the power, it will be referred to the interest and not to the power. While the rule is recognized in this State (Wear v. Smith, 62 Texas, 1, and other cases), it appears to be well settled, also, that, in construing instruments executed under such circumstances, the intention of the parties to the instrument as to its effect is to govern (3 Kent's Commentary, 335), and that the circumstances of the transaction may be looked to in reaching the intention. Faulk v. Dashiell, 62 Texas, 646, and cases cited; 2 Perry on Trusts, sec. 511c.

The deed is not silent as to the will of Rogers. The widow, as grantor, is mentioned as the executrix of his estate. This may be regarded as discriptio personæ, or otherwise, if the facts require it. She

appears to have accepted the disposition of the will as to herself, and it seems to be conceded that her interest in the lands of the estate was the life estate in one-third thereof given her by the will. It is shown by undisputed evidence that the price paid by appellee to her in notes was the full value of the land. It is not reasonable, in view of this fact, to give force to a presumption that the deed contemplated only a sale of her limited interest, which was lessened by the fact that she must at that time have been advanced in life. Again, why was it that the children then of age were required to join in the conveyance, if only the interest of the widow was the subject of sale? It is not necessary, in our opinion, to look for further circumstances touching the intention with which the deed was made. The above facts show that it was intended to convey the land to the purchaser with such title as she could give as widow and as executrix.

2. We conclude, further, that by article XI of the will the widow, as executrix, was invested with independent and discretionary power to make sales of lands, and that the sale of lands under this power was not inconsistent with the other portions of the will.

3. There was no obligation resting on the purchaser in this case to see that the purchase money was appropriated to the ultimate purpose intended by the will. This is plain from its provisions authorizing, if not requiring, the executrix to keep the estate together and manage the same until the youngest child should become of age, or marry, or until any one coming of age desired his or her part, which should be given him or her. It was, therefore, not required of her then and there to apply the proceeds to any particular purpose, but she had the right, and it was expected of her by the terms of the will, to hold and manage it with the other property. Under these circumstances, it seems no authorities are necessary to show that, after paying her the money in good faith, the purchaser had no further concern with it. Had it appeared that he knew when he purchased of a purpose on her part to misappropriate it, he would have stood in a different light before the court.

4. We conclude, further, that the sale made in this instance was authorized by article XI of the will. In view of the fact that she could sell and dispose of any of the property at any time, and was to distribute the proceeds in accordance with the will, and there was provision that no distribution should take place until a certain event, and she was to keep the property of the estate together and manage the same in the meantime, there is no doubt in our minds that she had authority to sell, taking such notes as she did in this case.

These views dispose of the case, and the judgment is affirmed.

*Affirmed.*