

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 6, 1948

Hon. S. C. Smith
County Attorney
Bosque County
Meridian, Texas

Opinion No. V-653

Re: Authority of the Commissioners' Court to compromise and pay a claim for damages resulting from the collapse of a county bridge.

Dear Sir:

We refer to your letter in which you submit the following:

"Several months ago a gravel truck was crossing a bridge over the Bosque River on a County Road when the bridge gave way and the truck fell some twenty feet into the stream and killed the driver.

"The widow of the driver, for herself and her minor children is about to bring suit against Bosque County but have agreed to compromise their suit and settle for $350.00.

"We realize the general rule that a County is not liable for the negligence of its agents and that Bosque County could not legally pay a claim based on negligence if presented through channels.

"However, our question is, 'Can Bosque County by way of compromise of a law suit, to avoid the payment of attorneys fees, witness fees and other costs, legally pay $350.-00 for the complete settlement and dismissal of said claim?"

In G. H. & S. A. Ry. Co. v. Uvalde County, 167 S. W. 2d 305, error refused, the Court of Civil Appeals followed the rule of decision in prior cited cases, saying:

"The commissioners' court of a county has only such powers as are expressly or by necessary implication given such court by the constitution and the statutes."

We have not found any law which authorizes the Commissioners' Court to pay any part of an asserted claim against the county for which the county has no legal liability. Such payment is prohibited by the State Constitution, Art. III, Sec. 52.

In the case of Heigel v. Wichita County, 84 Tex. 392, 19 S. W. 562, the Supreme Court said:

"This suit was brought by appellant to recover of Wichita County damages for personal injuries caused by a defective bridge. A demurrer was sustained to the petition, and the plaintiff having declined to amend, the suit was dismissed.

"The question presented seems not to have been authoritatively decided in this court, though in The City of Galveston v. Posnainsky, 62 Texas, 118, it is held, that a city is liable under similar circumstances. But the opinion in that case recognizes the doctrine that a different rule applies as to counties. . . At the same time it is very generally held, that counties are not liable for similar injuries unless such liability be created by statute, either by express words or by necessary implication . . . it is fairly well settled that in cases like this cities are liable and counties are not, and we therefore feel constrained by the authorities to hold that the petition under consideration showed no cause of action against Wichita county."

Opinions Nos. O-5543 and O-2136 are pertinent to your inquiry and we enclose a copy of each of them for your information.

We are of the opinion that the Commissioners' Court of Bosque County may not lawfully compromise the claim for damages resulting from a county bridge collapsing.

## SUMMARY

A county is not liable for injuries caused by a defective bridge. The Commissioners' Court has no lawful authority to compromise and pay any part of a claim asserted against the county for which such county is not legally liable.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
W. T. Williams
Assistant

WTW:wb
Encls.

APPROVED:

Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL