## GALVESTON, H. & S. A. RY. CO. et al. v. UVALDE COUNTY.

No. 11215.

Court of Civil Appeals of Texas. San Antonio.

Dec. 2, 1942.

B. W. Teagarden, of San Antonio, M. C. Chiles, of Uvalde, and Baker, Botts, Andrews & Wharton, of Houston, for appellants.

Morriss & Morriss, of San Antonio, and Dorwin W. Suttle, of Uvalde, for appellee.

**MURRAY, Justice.**

This suit was instituted by the Galveston, Harrisburg & San Antonio Railway Company and the Texas & New Orleans Railroad Company against Uvalde County, seeking to recover approximately $3,-500, which sum they had been compelled to pay out in satisfaction of a judgment against them in favor of J. T. Hall. Hall recovered from the railroads for damages sustained by him as the result of some of his cattle drinking from a dipping vat while in the Railroad's shipping pens at Uvalde. The Railroads alleged that Uvalde County had contracted to indemnify them for all such loss. The trial court sustained certain special exceptions to plaintiffs' petition and upon their refusal to amend ordered the cause dismissed, from which order of dismissal the Railroad Companies have appealed.

■ We conclude there was no error in the court's action in dismissing the cause, because the claimed contract was ultra vires and the county had no authority to enter into the alleged contract of indemnity. McQuillin on Municipal Corporations, Vol. 3, p. 2579, § 1168.

A careful reading of the contract involved renders it doubtful whether such contract could be construed as one of indemnity in which event there could be no liability on the part of the county under the allegations contained in the petition. We shall assume, however (without deciding), that the contract may be construed as one of indemnity, and broad enough in its terms to cover the damages herein sued for by the Railroad Companies. If this construction is placed upon the contract, it is a contract whereby the County of Uvalde agrees to indemnify the Railroad Companies against all loss they may sustain by reason of a dipping vat being placed in the shipping pens of the Railroad Companies, regardless of how such damage may arise and regardless of whose negligence may have caused the damage, and regardless of how great the loss may have been or may be in the future.

■ The County of Uvalde unquestionably had authority under the statutes to enter into a contract with the Railroad Companies for the privilege of erecting a dipping vat within the stock pens owned by the Railroads, but such authority would not justify a contract to indemnify the Railroads against all loss which might there-

after arise as a result of such vat being so located, regardless of how such loss might arise or whose negligence might cause such loss. In McQuillin on Municipal Corporations, Vol. 3, p. 2579, § 1168, it is said: "A city cannot, in buying land to widen a street, contract that it will move a building of the owner, fill in, fix fences, and indemnify him against risks in moving the building as to persons and property, since it cannot engage in the work of moving and repairing buildings of another, nor can it carry casualty and indemnity risks for individuals or other corporations." If a city cannot indemnify other corporations against risks certainly a county cannot do so.

■ The Commissioners' Court of a county has only such powers as are expressly or by necessary implication given it by the Constitution and statutes of this State. Tex.Const. Art. 5, § 18, Art. 11, § 3, Vernon's Ann.St.; Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403; Breen v. Kelly, 45 Minn. 352, 47 N.W. 1067; W. A. Morgan & Bros. v. Missouri, K. & T. R. Co., 50 Tex.Civ.App. 420, 110 S.W. 978.

■ The former statutes of this State, Art. 7014 and Art. 7033, Vernon's Ann.Civ. Stats. (in force when the original contract was entered into in 1924, but now repealed, by Acts of 1929, 41st Legislature, 1st C.S. p. 128, ch. 53, § 38, Art. 1525c, Vernon's Penal Code), simply gave the county the power to secure a location and construct a dipping vat in connection with eradication of the fever tick, they did not give it the right to go into the indemnity insurance business in connection therewith. It is argued that Uvalde County could not have secured permission from the Railroad Companies to construct such vat in their shipping pens if it had not entered into a contract of indemnity with the Railroads. This may be true, but, if so, the county should have simply located the vat at some other place. It could not use this fact as an excuse for pledging the credit of the county to cover an unlimited liability which might arise in the future and thereby subject the county to possible financial ruin.

■ The Railroad Companies in dealing with the county were charged with knowledge of the limited power of the Commissioners' Court to contract.

Mr. Reese, in his work on Ultra Vires, § 190, says: "A person contracting with

public officers must take notice of their powers, and he is charged with a knowledge of the law, and makes a contract in violation of the law at his own risk."

In 20 C.J.S., Contracts, p. 1006, § 174, it is said: "A county may contract only in the manner and for the purposes provided by statute, and is not bound by a contract beyond the scope of its powers or foreign to its purposes, or which is outside the authority of the officers making it. Knowledge of the limits of the powers of a county or its officers to contract is chargeable to anyone dealing with the county or the county officers."

The trial court properly dismissed the cause and such judgment is accordingly affirmed.