

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXN
ATTORNEY GENERAL

Honorable W. D. Lacey
County Attorney
Leon County,Centerville, Texas

Dear Sir:

Opinion No. 0-7374
Re: Authority of the Commissioners' Court
of Leon County to pay the county
clerk for recording veteran's dis-
charges and for furnishing certified
copies of the same.

We have received your letter of recent date requesting
an opinion from this department on the above subject matter. We
quote from your request the following:

"Art. 1939a of the Revised Statutes of Texas
requires certain county officers to furnish to any
person, his guardian, or his dependents or heirs at
law who is eligible to make a claim, etc.-- shall
upon request, etc. without cost furnish a certified
and authenticated copy or copies of any instrument
public record or document, etc. on file or in custody
of such officer.

"Under the above Statute the County Clerk of
this county is called upon to furnish and does
furnish to the persons mentioned in the above Sta-
tute a great many Certified Copies of Veterans
discharges, Marriage License and Birth Certificates,
and also records a great many veteran's discharges
without cost to the veterans, their guardians, de-
pendents and heirs at law.

"This county is operating under the fee system
and the above services rendered the veterans by the
County Clerk has become quite a burden to the county
clerk who informs me the work requires one deputy to
attend to it.

The Commissioners' Court has refused to pay
the county clerk for performing the above work in
connection with furnishing the certified copies and
for recording the Veteran's discharges.

"I will thank your Department for a ruling as to whether the County is legally liable to the said Clerk for recording the veteran's discharges and for furnishing the above mentioned certified copies; if so, would the Commissioners' Court be authorized to pay the Clerk the usual fees for so recording the discharges and furnishing the certified copies above mentioned."

Article 1939a, V.A.C.S., as amended by the Acts of the Forty-ninth Legislature, 1945, Chapter 346, page 587, Section 1, is as follows:

"Article 1.  Any person, his guardian, or his dependents or heirs at law who is eligible to make a claim against the Government of the United States of America as a result of service in the Armed Forces of the United States of America, or the services auxiliary thereto, including the Maritime Service and the Merchant Marine, shall upon the request therefor by such person, his guardian, or his dependents, or heirs at law, be furnished without cost a certified and authenticated copy or copies of any instrument, public record or document necessary to prove or establish such claim, which is in the custody or on file in the office of county clerks, district clerks and other public officials of this State, by such officials.  Provided, the issuance of such certified or authenticated copy or copies by such officials shall not be considered in determining the maximum fee of such offices.

"Art. 2.  The rights conferred by this Act shall extend to any person, his guardian or his dependents, or heirs-at-law who are eligible by reason of service heretofore or hereafter rendered in the Armed Forces of the United States of America, or the services Auxiliary thereto, including the Maritime Service and the Merchant Marine, when such person, his guardian, or his dependents, or heirs-at-law are eligible to make claim against the Government of the United States of America as a result of such service."

This department held in Opinion No. 0-6939 that the county clerks and district clerks were required to furnish to ex-servicemen without cost a certified and authenticated copy or copies of any instrument necessary to prove a claim against the United States Government.

In construing Article 1939 (as amended by the Acts of the 48th Legislature) we held in our opinion No. 0-6750 that the Commissioners' Court had no authority to allow any fees claimed by the county clerk for recording and keeping discharges of the members of the Armed Forces or Reserves.

The Commissioners' Court is a court of limited jurisdiction and has only such powers as are conferred expressly or by necessary implication by the Constitution or statutes of this State. (Galveston, Houston and San Antonio Ry. Co. v. Uvalde County, 167 S.W. (2d) 305, error refused).

To entitle an officer to receive fees or commissions the receipt thereof must have been provided for and the amount fixed by law. (See 34 Texas Jurisprudence 522 and cases cited therein).

We have been unable to find any statute authorizing the Commissioners' Court to pay the county clerk a fee or commission for recording veteran's discharges and for furnishing certified copies of the same. Neither have we been able to find a fee provided for this service. Therefore, it is the opinion of this department that your question should be answered in the negative and it is so answered.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/ J.C. Davis, Jr.
     J.C. Davis, Jr.
     Assistant

By s/ John Reeves
     John Reeves

JR/LH/wc

APPROVED SEP 12, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman