

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 10, 1947

Hon. Alfred M. Clyde                Opinion No. V-137
District Attorney
Tarrant County                      Re:  Authority of the Commis-
Fort Worth, Texas                        sioners' Court of Tarrant
                                         County and the Comptrol-
                                         ler to contract to com-
                                         pensate county employees
                                         for the collection of de-
                                         linquent taxes by a com-
                                         mission based on such
                                         taxes collected by such
                                         employees.

Dear Sir:

      Reference is made to your communication in
which you request an opinion of this Department concern-
ing the power of the Commissioners' Court of Tarrant
County and the State Comptroller to employ persons, as
county employees, to collect delinquent State and county
taxes, such county employees to be compensated by a com-
mission based on such taxes as such employees may be in-
strumental in collecting without suit.  No commission is
to be paid if it becomes necessary to file suit and fore-
close the tax lien.

      Commissioners' Courts have only such powers
as are expressly or by necessary implication given by
the Constitution and statutes of this State.  Tex. Const.,
Art. V, Sec. 18; Art. XI, Sec. 3; G.H. & S.A. Ry. Co. vs.
Uvalde County, 167 S. W. 2d, 305; Mills County vs. Lam-
pasas County, 90 Tex. 603, 40 S.W. 403.  Such Court may
contract only in the manner and for the purposes provided
by statute.  20 C.J.S., Contracts, p. 1006, Sec. 174.

      The Legislature has the sole power to pro-
vide for collection of delinquent taxes and to fix com-
pensation for such collection, and Commissioners' Courts
derive their power to contract for such collection exclu-
sively from statutes.  White vs. McGill, 131 Tex. 231;
114 S. W. 2d 860; Easterwood vs. Henderson County, 62
S.W. 2d 65.  No legislative authority has been given to
compensate county employees on a percentage basis for
services rendered in collecting delinquent taxes.

The only authority given Commissioners' Courts concerning the employment of special delinquent tax collectors is contained in Article 7335, Vernon's Civil Statutes, enacted in 1923, in which Commissioners' Courts are authorized to "contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected." It is provided in Article 7335a, Vernon's Civil Statutes, enacted in 1930, that the compensation under such contracts shall not be more than 15% of the amount collected, and further that such contracts must be approved, both as to substance and to form, by the Comptroller and the Attorney General. Those statutes have been sustained by the Courts. Sylvan Sanders Company vs. Scurry County, 77 S.W. 2d 709; Slimp v. Wise County, 96 S. W. 2d 537; Easterwood vs. Henderson County, supra; Marguart vs. Harris County, 117 S.W. 2d 494.

The authority of Commissioners' Courts and the Comptroller to employ persons to collect delinquent state and county taxes is confined to the statutes above mentioned, by reason of which such officers are not authorized to hire individuals, as county employees, to be compensated by a commission on taxes collected by them without the necessity of suit to foreclose tax liens. Such employment may be made only by contract entered into by the Commissioners' Court and approved by the Comptroller and the Attorney General, as provided in Articles 7335 and 7335a, Vernon's Civil Statutes.

We are of the opinion that the Commissioners' Court of Tarrant County is not authorized to hire individuals, as county employees, to collect delinquent taxes on a commission basis, either with or without the approval of the Comptroller.

### SUMMARY

The Commissioners' Court of Tarrant County is not authorized to hire individuals, as county employees, to collect delinquent taxes for a compensation based on a per cent of such taxes collected by such employees, with or without the approval of

the Comptroller.  Arts. 7335 and 7335a,
Vernon's Civil Statutes; White vs. Mc-
Gill, 131 Tex. 231, 114 S. W. 2d 860;
Easterwood vs. Henderson County, 62 S.W.
2d 65.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     W. T. Williams
       Assistant

WTW:dr:wb

APPROVED APRIL 10, 1947

ATTORNEY GENERAL OF TEXAS