

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 13, 1948

Hon. John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Opinion No. V-542

Re: The authority of the
Commissioners' Court
to pay a portion of
the salary and ex-
penses of an assis-
tant county agent to
set up a balanced
farm program, the re-
mainder of the fi-
nances to come from
other sources.

Dear Sir:

Reference is made to your recent request
which is, in part, as follows:

"The Schulenburg Chamber of Commerce
has requested the Commissioners' Court of
Fayette County, Texas, to contribute tax
money for support of an assistant County
Agent who is to work with certain persons
and none others. Said Chamber of Commerce
has submitted three proposals in an order
to accomplish said purpose and which let-
ter and request of the Chamber of Commerce
to the Commissioners' Court reads as fol-
lows:

"'The following plans of financing a bal-
anced farm program for Fayette County were
presented verbally to your court on March
1, 1948, as follows:

"'Plan No. 1

Balanced Farm Program for Fayette
County Set up on a One Year Basis

"'50 farmers at $50. each    $2500
Schulenburg Chamber of

Commerce and local business-
men                                        $1250
Commissioners Court                        $1250
                        Total              $5000

"'These 50 farmers to be selected in the
Schulenburg trades territory through a
"screen" process where the County Agent
will aid the Chamber of Commerce Agri-
cultural Committee in final selection.

"'The Texas A & M Extension Service to
furnish a qualified man to act in the
capacity of an Assistant County Agent
to work with and supervise these 50 far-
mers.  This Assistant County Agent to
be under the supervision of the County
Agent under the direct supervision of
the Texas A.& M Extension Department;
the Extension Department to work through
its local representative agency, the Com-
missioners' Court.

"'The $5000 to be used for salary and
traveling expenses of the Assistant
County Agent who is to supervise these
50 farmers.'"

Plan No. 2, in legal effect, is substantially
like plan No. 1 except that towns in the four precincts
are to contribute $1250 instead of the Chamber of Com-
merce and local business men.

Continuing with your, letter:

"'Plan No. 3

To Provide Funds for an Assistant
County Agent to Work on a Home and
Farm Program

"'Provide an Assistant County Agent to
relieve the County Agent so that the
County Agent and Home Demonstration
Agent might have enough free time to set
up a home - farm program with at least
7 to 10 families in Fayette County.  A
minimum of 12 calls are to be made at
each home during the year.  The Assis-

tant County Agent is to devote the balance of his time aiding the County Agent in his regular routine work. The Extension Department would probably be in a position to furnish about two-thirds of the cost of this Assistant County Agent in salary and traveling expenses; the Commissioners Court to furnish the balance which should run approximately $1000. This program will give complete county coverage. The Assistant County Agent is to be furnished by the Extension Department and act under the supervision of the County Agent.'"

In the case of Galveston H.& S.A. Ry. v. Uvalde County, 167 S.W.(2d) 305, (Civ. App. 1942, error refused) the court said:

"The Commissioners' Court of a county has only such powers as are expressly or by necessary implication given it by the Constitution and statutes of this State."

We have not found any provision in the Constitution or any statute which authorizes Commissioners' Courts to contribute any county money for such a purpose. On the contrary, Section 52 of Article III of the State Constitution provides, in part, that:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, . . ."

Section 53 of Article III of the Constitution is as follows:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has

been rendered, or a contract has been
entered into, and performed in whole
or in part; nor pay, nor authorize the
payment of, any claim created against
any county or municipality of the State,
under any agreement or contract, made
without authority of law." (Emphasis ours)

It will be noted that under Plans Nos. 1 and
2, as submitted, it is provided that only 50 people will
be served in the entire county, even though the money
which is to be contributed by the county is money paid
into the County Treasury by taxes which were assessed
for a public purpose only.  We believe the contributions
to be made by the county under the first two plans come
within the inhibitions of the above quoted provisions of
the Constitution.  Therefore, it is our opinion that the
Commissioners' Court may not contribute the money under
Plans Nos. 1 and 2.

Article 164, V. C. S., is as follows:

"The Commissioner's Court of any
county of this State is authorized to
establish and conduct co-operative de-
monstration work in Agriculture and
home economics in co-operation with the
Agricultural and Mechanical College of
Texas, upon such terms and conditions
as may be agreed upon by the Commission-
ers' Court and the agents of the Agri-
cultural and Mechanical College of Texas;
and may employ such means, and may ap-
propriate and expend such sums of money
as may be necessary to effectively es-
tablish and carry on such demonstration
work in Agriculture and Home Economics
in their respective counties."

The above statute is an amendment of Article
164, Revised Civil Statutes, 1925, which article as
codified limited the expenditure of funds by a county
"not exceeding one thousand dollars per year, for far-
mers co-operative demonstration work in the county . .
. ."  In the 1927 amendment of said Article 164, this
limitation was omitted.  Consequently, the only limi-
tation placed upon the expenditure of county funds un-
der our present statute is the constitutional limita-
tions of tax levies for county purposes.  In other

words, the above Act gives broad powers to the Commissioners' Court and leaves to their judgment the question as to what is "necessary to effectively establish and carry on such demonstration work in Agriculture and Home Economics in their respective counties." That conducting and carrying on such work as provided by the Legislature is "County business" as within the contemplation of Article V, Section 18 of the Constitution of Texas has never been questioned.

The facts submitted under Plan No. 3 reflect that the funds to be expended are for a public purpose. There is no limitation as to the number of persons which may be served; nor is there a contribution required of said persons served by this program before they may enjoy the benefits of the same. Therefore, by virtue of the foreging, it is the opinion of this Department that the Commissioners' Court may employ an Assistant County Agent to aid the County Agent in the promotion of a farm program as outlined under Plan No. 3.

## SUMMARY

The Commissioners' Court of Fayette County may not contribute county money for an Assistant County Agent whose assistance is limited to a particular 50 farmers and none others. Such employment is not for a public purpose. Sections 52 and 53 of Article III of the State Constitution. However, the county may employ such an Assistant if he is to be engaged in conducting and carrying on agricultural work as county business and not for a private purpose. Art. 164, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

Price Daniel

ATTORNEY GENERAL

By  Bruce Allen

Bruce Allen
Assistant

BA:mw