

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 2, 1963

Honorable Joe Resweber                    Opinion No. C- 122
County Attorney
Harris County                             Re:  Whether an electronic
Houston, Texas                                 type voting machine is
                                               legal under State law
Dear Sir:                                      and related question.

        You state that your office has been requested by the
County Judge of Harris County to secure the opinion of the Attor-
ney General on the following two questions:

        (1)  Can Harris County mix voting machines
             and on what basis?

        (2)  Is an electronic type voting machine
             legal under the State law?

        Section 1 of Article 7.14, Vernon's Texas Election Code,
provides for examination and approval of voting machines by the
Secretary of State.  Upon approval of a machine, the statute pro-
vides that "machines of its kind may be adopted for use at elections
and primary elections as herein provided."  Sections 3 and 5 of
Article 7.14, as amended by S.B. 61, Chapter 424, Acts of the 58th
Legislature, 1963, which will become effective on August 23, 1963,
read as follows:

        "Sec. 3.  Adoption by commissioners court.
        The commissioners court of any county in the
        state may adopt for use in elections in at least
        three of the larger election precincts in voting
        strength in the county, any kind of voting machine
        approved by the Secretary of State, and may adopt
        such voting machine at any time for use in such
        additional election precincts in the county as it
        may deem advisable. . . ."

"Sec. 5. Providing voting machines. The commissioners court of a county which has adopted voting machines for that county or any portion thereof, shall as soon as practicable, and in no case later than six months after adoption thereof, provide for each election precinct designated one or more approved voting machines in completed working order, and shall thereafter preserve and keep them in repair."

We agree with the conclusion you have reached in your brief that the commissioners court may provide more than one kind of machine for use in the county, the only limitation being that each kind must have been approved by the Secretary of State. At the present time, three kinds or makes of machines have been approved by the Secretary of State. In our opinion, there is nothing in the law to prevent Harris County from acquiring machines of all three makes. Nor is there any legal impediment to use of more than one kind or make in a particular precinct. It might be debatable whether the mixing of machines would or would not be undesirable from a practical standpoint, but from a legal standpoint there is no reason why it could not be done.

Your second question is whether an electronic type voting machine is legal under the State law. Section 2 of Article 7.14 sets out certain requirements which a voting machine must meet in order to be approved, but does not specify that the operation of the machine must be based upon any particular principle. No principle, mechanical, electrical, or otherwise, is forbidden, so long as the machine complies with the statutory requirements. However, when Article 7.14 is read in its entirety, it is seen that the type of voting machine authorized for approval and adoption by that statute is a machine upon which votes are registered and automatically counted by means of registering counters constructed into the machine. See Article 7.14, Sections 10, 12 and 18. The three makes of machines which have been approved by the Secretary of State are of this type.

There is also a type of voting machine or ballot-marking device on the market by which a ballot in the form of a punch-card is inserted into the machine and the voter marks his ballot by punching a slot opposite the names of candidates or the statements of propositions to indicate how he wishes to vote. The ballots from the various precincts are automatically counted and tabulated on electronic data-processing machines at a central location. We understand your second question to relate to this type of "voting machine." The Secretary of State thus far has not approved any machine or device of this type for use in elections in this State,

and we are of the opinion that Article 7.14 does not authorize approval of this type of machine. A bill (H.B. 111) was introduced at the last session of the Legislature to authorize approval and adoption of this type of equipment, but the bill died in committee in the Senate after having passed the House. We come, then, to the question of whether this type of equipment may lawfully be used without the approval of the Secretary of State.

Section 1 of Article 7.14 contains the following provision:

> ". . .Any form of voting machine not approved as herein set out, or which has not been examined by voting machine examiners and reported on pursuant to law and its use specifically authorized by law, cannot be used at any election or primary election in the State of Texas."

If the ballot-marking device to be used in conjunction with data-proceeding equipment is considered to be a form of voting machine within the meaning of Article 7.14, this statute would expressly prohibit its use, since it has not been approved by the Secretary of State and could not lawfully be approved under the authority conferred on him by Article 7.14. There is no statute authorizing use of any other type of machine or equipment. The only authorized methods of voting in this State are by use of paper ballots to be marked and counted as provided in Articles 6.06 and 8.19 of the Election Code and by use of voting machines which have been approved and adopted as provided in Article 7.14. Without considering the question of whether a valid election could be held under any circumstance by any other method, it is sufficient for the purpose of this opinion to state that the holding of an election by use of any other method could be enjoined in advance of its holding, and the expenditure of county funds for any type or kind of voting machine not authorized for adoption under Article 7.14 would be illegal. Clancy v. Clough, 30 S.W.2d 560 (Tex.Civ.App. 1928); Davis v. Blakeley, 208 S.W.2d 908 (Tex.Civ.App. 1948); Galveston, H. & S.A. Ry. Co. v. Uvalde County, 167 S.W.2d 305 (Tex.Civ.App. 1943, error ref. w.o.m.).

## S U M M A R Y

A county which has adopted voting machines may use more than one kind or make of machine if each kind used has been approved by the Secretary of State in accordance with the procedure set out in Article 7.14 of the Election Code.

The type of voting machine or ballot-marking device by which the voter indicates his choice by punching slots in a ballot card, and the ballots are counted and tabulated on electronic data-processing equipment, is not authorized for use in elections in this State.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:jh:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Frank Booth
Bob Flowers
Ernest Fortenberry
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone