Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Whether a commissioners court may expend county funds to encourage voter registration
Dear Mr. Driscoll:
You ask whether the Harris County Commissioners Court may expend county funds to promote and encourage voter registration and whether the county and the registrar of voters may contract for that purpose with a non-profit organization which specializes in voter registration. We conclude that county funds may be expended to promote and encourage voter registration and that the commissioners court, with the cooperation of the registrar of voters, may contract with a non-profit organization to perform the services that the county and the registrar are authorized to provide.
A county commissioners court has only the powers conferred either expressly or by reasonable implication by the constitution and statutes of this state. See Tex. Const. art. V, § 18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948).
The Election Code establishes the county tax assessor-collector as the registrar of voters in a county unless the commissioners court designates a different person to serve in that capacity. Elec. Code arts. 5.09a, subd. 1; 5.09b, subd. 1; 5.24a, subds. 1, 3. The registrar is responsible for, among other things, the registration of voters and duties incident to voter registration that are placed upon him by law. Elec. Code art. 5.09a, subd. 2. It is the intent of the legislature that the registrar, in order to promote and encourage voter registration, shall enlist the support and cooperation of interested citizens and organizations. Elec. Code art. 5.20a, subd. 4. Article 5.19b provides specified reimbursement to the counties from the state's general revenue fund for expenses of the registrar's office in the registration of voters, and article 5.09a, subd. 3 provides that the expenses of the registrar in excess of the reimbursement received from the state shall be borne by the county. See Attorney General OpinionJM-61 (1983). Accordingly, we conclude that the Election Code authorizes the commissioners court to expend county funds for the promotion and encouragement of voter registration.
It is well established that a county may not make a donation or gift of its funds to private, non-profit organizations. Tex. Const. art. III, § 52; art. XI, § 3; Grimes v. Bosque Co.,240 S.W.2d 511, 514 (Tex.Civ.App.-Waco 1951, writ ref'd n.r.e.); Attorney General Opinions MW-329 (1981); H-1189 (1978). It also is well established that a county may contract with private organizations to carry out its statutory duty to provide for public and governmental purposes, but its authority to enter into a contract with a private organization is limited to the power that is either expressly or by reasonable implication conferred on the county by the constitution and statutes. See Tex. Const. art. V, § 18; Galveston, H. S.A. Railway Co. v. Uvalde County,167 S.W.2d 305, 306 (Tex.Civ.App.-San Antonio 1942, writ ref'd w.o.m.); Attorney General Opinions JM-103, JM-65 (1983); MW-329
(1981).
Thus, the authority of the commissioners court to contract with a non-profit organization to promote voter registration is dependent on the county's authority to perform the service that will be furnished under the contract. When the commissioners court is granted a power or charged with a duty, it has implied authority to exercise broad discretion to accomplish the intended purpose. See Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941).
The information furnished to us indicates that the voter registration organization at issue engages in numerous voter registration programs, such as workshops for county and city officials, consultation with political party officials, advertising and news stories by communication media with at least some use of political, media, and sports personalities, and participation by junior and senior high school students and teachers in programs that include contests and prizes to students and teachers. While the county and the registrar have considerable discretion in the methods by which they accomplish the promotion of voter registration, the terms of a contract for voter registration services may not contravene the limitations of article III, section 52 of the constitution by reason of the fact that the contract amounts to a virtual donation. We believe that the expenditure of county funds to secure voter registration serves a commendable public purpose; for the expenditure to be constitutional, however, the county must also receive an adequate quid pro quo that is non-partisan in nature. The terms of and consideration for the contract must be sufficiently specific to be enforceable by the county. See Attorney General Opinion MW-36
(1979). No specific contract has been presented to us, and we express no view on the validity of the details of any particular contract. Moreover, we do not address the authority of Harris County to contract for any of the enumerated programs or methods of operation proposed by the voter registration organization here.
Articles 5.09a and 5.20a of the Election Code expressly provide that the registrar of voters is responsible for voter registration, including deputy registrars, registration places, support and cooperation of interested citizens and organizations, and other duties incident to voter registration. The commissioners court is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute.
Anderson v. Wood, supra. Accordingly, it is our opinion that the commissioners court, with the consent and cooperation of the registrar of voters, may contract with a non-profit organization to perform the voter registration services that are within the power and authority of the county and the registrar. See Attorney General Opinion H-1123 (1978).
 SUMMARY
County funds may be expended to promote and encourage voter registration. A commissioners court and registrar of voters, acting together, may contract with a non-profit organization for the purpose of promoting and encouraging voter registration.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Nancy Sutton Assistant Attorney General