

# The Attorney General of Texas

May 14, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
. .uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William D. Smith
Hutchinson County Attorney
P. O. Box 985
Borger, Texas    79007

Honorable Bill Baumann
Potter County Attorney
303 Courthouse
Amarillo, Texas    79101

Opinion No. JM-158

Re:  Support of the Panhandle
Alcoholic Recovery Center by
counties, and related questions

Gentlemen:

This opinion will address your inquiries concerning the
relationship between certain counties and the Panhandle Alcoholic
Recovery Center [hereinafter PARC]. Because they deal with similar
subject matter, we have consolidated your questions in this opinion.
Both of you ask whether the commissioners court of a county may
"earmark" fines collected in driving while intoxicated (DWI) and
public inebriation cases for county-sponsored substance abuse
treatment. Mr. Baumann asks whether a commissioners court may
authorize county and district court judges to increase by a specific
amount the fines assessed in their courts for substance-abuse related
offenses and then direct these amounts for the support of the PARC.
Mr. Smith asks whether the payment of monies out of public funds by a
commissioners court to the PARC violates article III, section 52, of
the Texas Constitution.

It is well established that the commissioners court of a county
may exercise only those powers conferred upon that body by the
constitution and laws of this state. Tex. Const. art. V, §18. The
commissioners court is not empowered to apportion fine revenues prior
to their collection. Instead, the county treasurer is vested with the
duty of disposing of fines collected by a county.

Article 1628, V.T.C.S., requires all funds received by the county
treasurer to be classified in one of three categories, including

> [a]ll money received under any provisions of the
> road and bridge law . . . and all fines and
> forfeitures.

This office has read this provision in the past to require fines
collected by a county to be placed in the road and bridge fund. See

Attorney General Opinions 0-5681 (1943) (misdemeanor fines, except those collected under special statutes); 0-3092 (1941) (fines in felony convictions). This office has also concluded that fines collected by a county for DWI infractions are to be deposited in the county road and bridge fund. Attorney General Opinion 0-4269 (1941).

Commissioners court discretion over the collection and allocation of fine revenues was further curtailed with the enactment of the County Road and Bridge Act, article 6702-1, V.T.C.S. Acts 1983, 68th Leg., ch. 288 at 1431. Section 4.201 of the act requires the following disposition of certain fines:

> Fines collected for violations of any highway law that was previously set forth in Chapter 1, Title 13, Vernon's Texas Penal Code, 1925, shall be used by the municipality or the counties in which the fines are assessed and to which the fines are payable in the construction and maintenance of roads, bridges, and culverts in the municipality or county, for the enforcement of the traffic laws regulating the use of the public highways by motor vehicles and motorcycles, and to help defray the expense of county traffic officers.

DWI is among those offenses alluded to above. Penal Code art. 802 (1925) (repealed -- now found in V.T.C.S. art. 67011-1). Furthermore, section 144 of article 6701d, V.T.C.S., also requires that fines collected thereunder be used only "in the construction and maintenance of roads . . . ."

Article 6702-1 also restates the authority of the commissioners court to oversee the road and bridge fund:

> The commissioners court shall see that the road and bridge fund is judiciously and equitably expended on the roads and bridges of its county.

Sec. 3.101(c). It is clear, then, that rather than deciding to expand the authority of the commissioners court over the disposition of DWI and related fines, the legislature has sought to restrict the court. Consequently, any attempt by a commissioners court to earmark fines collected by a county would constitute an impermissible expansion of the powers of the commissioners court, contrary to both constitutional and statutory mandate. See Tex. Const. art. V, §18; V.T.C.S. art. 6702-1; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948).

This conclusion also addresses Mr. Baumann's inquiry. Mr. Baumann asks whether a commissioners court may sanction an increase in fines assessed against substance abusers. The power to prescribe fines is a matter held generally within the discretion of the legislature and may be overridden only in extraordinary cases.

Pennington v. Singleton, 606 S.W.2d 682, 690 (Tex. 1980).   In our opinion, commissioners court authorization of such an increase would disturb both the discretion of the legislature to prescribe fines and the authority of the courts to set fines within legislative limits. Accordingly, a commissioners court may not authorize district and county court judges to increase fines assessed in substance abuse cases.

The brief prepared by Mr. Baumann's office does, however, provide insight into the lawful methods by which a commissioners court may fund the PARC.   In the brief, Mr. Baumann discusses the authority of a county to contract with a private entity for the provision of necessary health services under articles 2351 and 4478, V.T.C.S.   Mr. Smith, meanwhile, asks whether articles 4418f (repealed -- now found in article 4414b, section 1.07) and 4478 permit the commissioners court of Hutchinson County to contract with the PARC even though the center is located in another county.

The authority of a county to enter into contracts was explained in Galveston, H. & S.A. Railway Co. v. Uvalde County, 167 S.W.2d 305, 307 (Tex. Civ. App. - San Antonio 1942, writ ref'd w.o.m.):

> A county may contract only in the manner and for
> the purposes provided by statute, and is not bound
> by a contract beyond the scope of its powers or
> foreign to its purposes, or which is outside the
> authority of the officers making it.

Prior opinions of this office demonstrate that a county may contract with private, nonprofit entities and private corporations to perform services the county is itself authorized to provide.   See Attorney General Opinions JM-103 (1983) (county may contract for operation of senior citizen recreation and health center); JM-65 (1983) (county may contract with privately owned and operated hospital); H-1123 (1978) (county may contract with private hospital for obstetrical care of charity patients).   It is equally true, however, that a county may not contribute public funds to such entities. Tex. Const. art. III, §52; art. XI, §3.   See Attorney General Opinions MW-329 (1981) (county may not make contributions to nonprofit corporation for training of handicapped persons); H-1189 (1978) (county may not donate funds to private day care center); H-520 (1975) (county may not contribute public funds for construction of privately owned and operated livestock show barn).   The payment of public funds to private and/or nonprofit entities is lawful when either the expenditure serves a true public purpose, accompanied by sufficient controls, or the county receives adequate consideration for the expenditure.   See Attorney General Opinions JM-103, JM-65 (1983).

Accordingly, we believe that any contract authorizing an expenditure to the PARC must be preceded by a specific factual finding by the commissioners court that alcoholism constitutes a public health

Honorable William D. Smith
Honorable Bill Baumann
Page 4   (JM-158)

problem in the county and that the PARC provides what may be reasonably characterized as health services. See generally Attorney General Opinion JM-5 (1983) (alcoholism treatment requires more than mere detoxification). Moreover, the contract should clearly state the public purpose to be furthered and should by its terms reserve for the county sufficient control over the performance of the contract to ensure that the public purpose is carried out for the benefit of the county and its residents.

To summarize, we conclude that a county commissioners court may not earmark DWI and related fines for the PARC. Similarly, we believe that the commissioners court may not authorize an increase in fines assessed against substance offenders. The payment of county funds to the PARC does not violate article III, section 52, of the Texas Constitution, provided that such payments are made pursuant to a contract predicated on the factual finding described above. The only remaining issues to be addressed are whether the agency with which the county contracts must be located within that county and whether such contracts may be paid from DWI and related fine revenues.

Mr. Smith writes that under former article 4418f, it is unclear whether county funds may be spent outside the county. Although the authority of the commissioners court to spend funds for health and sanitation appears in the statute creating the state Department of Health and Board of Health, numerous opinions from this office, previously cited, demonstrate that this power is not limited by the caption to former article 4418f. By the same token, we see no reason to limit expenditures for health and sanitation to the county in which the commissioners court sits, so long as the benefits of such spending inure to the county and its residents. Accordingly, we believe that the commissioners court of Hutchinson County is authorized to contract with the PARC, notwithstanding the fact that the PARC is located in another county.

S U M M A R Y

A commissioners court is not authorized to earmark DWI and related fines, nor to increase fines assessed against substance offenders, for the purpose of funding an alcoholic recovery center.

Very truly yours,

JIM MATTOX
Attorney General of Texas

p. 700

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton